# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS TRICKEL** and **MARY TRICKEL**, | : : : | Civil No. 3:14-cv-1916 |
| | : | **(Judge Mariani)** |
| Plaintiffs | : : | **(Magistrate Judge Carlson)** |
| v. | : : | |
| **DISCOUNT GOLD BROKERS, INC., et al.,** | : : : | |
| Defendants | : : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an action brought by Francis and Mary Trickel, an elderly couple who allege that they "were bilked by the defendants out of more than a quarter million dollars of their hard earned retirement savings." (Doc. 1, ¶1.) According to the Trickels, the defendants "participated and/or conspired with, or aided and abetted, . . . in a Ponzi and money laundering scheme that targeted and ripped-off hundreds of individuals across the United States of America, many of whom are senior citizens." (Id., ¶2.) As part of this scheme, the plaintiffs allege that beginning in: "at least February 2012 through about March 2014, the Defendants engaged in a criminal Ponzi scheme to solicit and defraud unwitting investors in

the purchase of precious metals intending to obtain huge sums of money, deliver only part of the order, claim they were unable to fulfill the remainder of the order, and then keep the remainder of the purchase price for themselves. Even to the extent partial deliveries were made, often by the time of the delivery the value of the coins was significantly less than bargained for by the investors. Shipments were delayed to take advantage of fluctuations in market prices, in particular declines in market prices, when the product cost the Defendants less and was significantly devalued. Defendants' profited from this scheme to the detriment of the investors." (Id., ¶3.)

Default judgments have been entered against all of the defendants, with the exception of Gregory Hecht, who continues to litigate this case. Litigation between the plaintiffs and Hecht has been marked by discovery disputes. We are now considering the latest of these discovery disputes. Hecht has moved for summary judgment in this case, alleging that the undisputed evidence shows that he had no culpable role in this activity. (Doc. 191.) The plaintiffs, in turn, have moved to compel discovery of documents which they say Hecht alluded to and promised to provide during a recent deposition but has not produced. (Doc. 196.)

Upon consideration of these competing motions IT IS ORDERED that this motion to compel is GRANTED in part as follows:

2

1. Hecht shall produce any remaining discovery alluded to during his recent deposition or provide a detailed sworn declaration relating to this requested discovery, attesting to the search undertaken to locate these items and the result of that search, on or before **November 6, 2017**.

2. The plaintiffs shall then respond to the defendant's summary judgment motion on or before **November 20, 2017**. If the plaintiffs believe that they have still been denied discovery of extant materials which are relevant and necessary to address the summary judgment motion they may, as part of this response, seek relief by complying with the provisions of Rule 56(d) of the Federal Rules of Civil Procedure.

3. Hecht's reply brief, if any, will be due on or before **December 4, 2017**.

So ordered this 23d day of October, 2017.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge