# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS TRICKEL AND MARY TRICKEL, | : <br> : <br> : |
| Plaintiffs, <br> v. | : <br> :    3:14-CV-1916 <br> :    (JUDGE MARIANI) |
| DISCOUNT GOLD BROKERS et al. | : <br> : |
| Defendants. | : |

## MEMORANDUM OPINION
## I. INTRODUCTION

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 324) by Magistrate Judge Martin C. Carlson in which he recommends that Defendant Gregory Scott Hecht's Motion for Summary Judgment (Doc. 191) be granted in part and denied in part (Doc. 324 at 22-23). Specifically, Magistrate Judge Carlson recommends that judgment in Defendant's favor be granted on two of the eighteen counts contained in Plaintiff's Amended Complaint (Doc. 59) and that the remaining sixteen counts go forward. (Doc. 324 at 22-23.)

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted).

Plaintiffs and Defendant have filed objections to the Report and Recommendation. (Docs. 328, 330.) Plaintiffs filed a brief in support of their objection (Doc. 328-1); Defendant files his objections in numbered paragraphs without a corresponding brief (*see* Doc. 330).

Upon review of the R&R and the parties' filings, the Court will adopt the R&R in part, modify it in part, and reject it in part.

## II. ANALYSIS

### A. Plaintiff's Objection

Plaintiffs object to the R&R on one narrow basis: they do not object to Magistrate Judge Carlson's legal analysis but state that he did not address one aspect of Plaintiff's breach of contract claim under Count 4 of the Amended Complaint, i.e., the alter ego liability

2

of Defendant Hecht.[1] (Doc. 328 at 1.) Plaintiffs maintain that "liability against Gregory S. Hecht, Inc., and Discount Gold Brokers, Inc. ("DGB") has already been determined, and Plaintiffs alleged that those entities are alter egos of Defendant Gregory S. Hecht. Alter ego liability remains a triable issue of fact under Count 4 against Mr. Hecht precluding summary judgment." *Id.* A review of the R&R reveals that Plaintiffs are correct that the R&R does not address alter ego liability in its consideration of Count IV and its conclusion that Plaintiffs could not maintain a Pennsylvania state law breach of contract claim. (*See* Doc. 324 at 13-14.) Magistrate Judge Carlson reasoned that, because Plaintiffs acknowledged Defendant Hecht was an agent of DGB and they have not alleged that he assumed personal responsibility for the fulfillment of the contract at issue, they cannot recover on the breach of contract claim in that Pennsylvania contract and agency law provides that an individual acting as an agent cannot be personally liable on a contract between the principal and a third party unless the agent specifically agrees to assume liability. (*Id.* (citing *In re Estate of Duran*, 692 A.2d 176, 179 (Pa. Super. Ct. 1997)).)

Plaintiffs also correctly point out that they asserted alter ego liability in their Amended Complaint (Doc. 328-1 at 3 (citing Doc. 59 ¶¶ 31-32), they provided evidence allegedly showing that Defendant Hecht and Defendant Hecht Inc., are alter egos of each other and by extension Defendant DGB (*id.* at 3-6 (citations omitted)), Defendants Hecht Inc. and

---

[1] Because filings use both Arabic and Roman numerals, for consistency the Court will use Arabic numerals to identify the counts contained in Plaintiff's Amended Complaint. (Doc. 59).

3

DGB have already been found liable on Count 4 for breach of contract (*id.* at 4), Defendant Hecht did not move for summary judgment on the alter ego theory of liability (*id.* at 6), and they raised the issue in their opposition to Defendant Hecht's motion for summary judgment (*id.* at 6-7 (citing Doc. 298 at 3-4)). A review of Plaintiffs' brief opposing Defendant Hecht's motion shows that they specifically identified alter ego liability in the context of their response to Defendant Hecht's assertion that he was entitled to summary judgment on the breach of contract claim. (*See* Doc. 298 at 16.) Defendant Hecht's reply brief shows that he did not refute Plaintiffs' assertion in their opposition brief that "Hecht and Hecht Inc. are alter egos of each other and by extension DGB" (Doc. 298 at 4 (citing Expert Report of Wayne D. Geisser, CPA/ABV/CFF, CVA, CFE at 6 [Doc. 297-2 at 9])), or their argument that he was liable for breach of contract based on alter ego liability (Doc. 298 at 16). Further, Defendant Hecht did not file a brief opposing Plaintiffs' objection to the R&R, and the time for doing so has passed.

Because Defendant Hecht did not address this theory of liability regarding Count 4 for breach of contract, the Court concludes he has not satisfied his burden of showing that he is entitled to judgment as a matter of law on the claim. To be clear, the Court makes no finding on the viability of the breach of contract claim based on the alter ego theory of liability and determines only that Defendant Hecht, as the moving party, bears the burden of showing the absence of a genuine issue as to any material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and here Defendant Hecht has not done so. Therefore, Count 4

4

of the Amended Complaint for Breach of Contract goes forward, and the R&R is not adopted to the extent it determined that Defendant Hecht was entitled to judgment in his favor on the claim (*see* Doc. 324 at 14-15).

Plaintiffs do not object to Magistrate Judge Carlson's recommendation that Count 5 for Breach of Implied Covenant of Good Faith and Fair Dealing should be dismissed (Doc. 324 at 17) and the Court will adopt this recommendation.

**B.    Defendant Hecht's Objections**

As noted above, Defendant Hecht (hereinafter "Defendant") filed his objections in a document with numbered paragraphs and without a corresponding supporting brief. (*See* Doc. 330.)  He opposes Magistrate Judge Carlson's conclusions regarding sixteen of the eighteen counts contained in Plaintiffs' Amended Complaint. (*Id.*)   Plaintiffs respond to Defendant's objections paragraph by paragraph (Doc. 331) and generally aver that the Court should not address Defendant's objections for several reasons: he did not file the brief required by Local Rule 72.3 of the Local Rules of Court of the Middle District of Pennsylvania; his arguments fail to specifically identify any portion of the R&R to which he objects; and his objections "merely reiterate verbatim" arguments made in support of his summary judgment motion (Doc. 332 at 11).

Plaintiffs are correct that Defendant did not file the brief required by the Local Rules of Court. While he objects to the R&R's findings on sixteen counts and occasionally references the R&R, the references are vague and his opposition to the recommendation

5

consists of conclusory assertions as to how Plaintiffs fail to state a cause of action in each of the counts where the R&R has found Defendant has not shown an absence of genuine issues of material fact. (Doc. 330 at 4-30.) Defendant's assertions do not include citation to the record or more than boiler-plate law and his filing is devoid of application of law to the facts of this case. (*See id.*) Although the Court doubts that Defendant's objections satisfy the standard required for *de novo* review and the manner in which they are presented is, for the most part, vague and conclusory, in an abundance of caution, the Court has reviewed Defendant's objections as if they were properly presented. Having conducted *de novo* review, the Court concurs with Magistrate Judge Carlson that Counts 1 through 3 and Counts 6 through 18 go forward for the reasons discussed in the R&R and additional reasons provided herein. In the interest of judicial efficiency, the Court provides a summary of findings.

1.  **FRAUD CLAIMS GENERALLY**

    Magistrate Judge Carlson found that "the premise that Hecht was a willing participant in a fraudulent scheme, forms the basis for a host of claims brought against Hecht in this case" including the Plaintiffs' civil RICO racketeering and conspiracy claims (Doc. 52, Counts 1-3); their Pennsylvania state law claims of conversion, theft, fraud, misrepresentation, unjust enrichment and civil conspiracy (*id.*, Counts 6-10); their Pennsylvania common law claim of intentional infliction of emotional distress (*id.*, Count 11); and their statutory claims under Pennsylvania's Unfair Trade Practices and Consumer

Protection Law ("UTPCPL") (*id.*, Count 12). (Doc. 423 at 10-11.) The Magistrate Judge then explained that

> Hecht strenuously contests these allegations of intentional wrongdoing on his part. Thus, Hecht categorically denies the existence of any fraudulent scheme or any deliberate misconduct on his part, but the plaintiffs provide countervailing, albeit hotly disputed, evidence to support their claims of fraud and deceit. This evidence includes the statements of the plaintiffs themselves, as well as accounts of other alleged victims of the purported scheme; forensic accounting analyses; and various statements made by Hecht and others which may be construed to support their claims and assertions.

(Doc. 324 at 11.) Finding that Defendant's protestations of innocence form the basis of his summary judgment motion on the fraud claims, the R&R concludes such protestations do not eliminate a disputed issue of fact but rather define a factual dispute "of the most basic and fundamental nature" which cannot be resolved as a matter of law through a motion for summary judgment. (*Id.* at 11-12.)

The Court agrees with this analysis and will, by way of example, show why Defendant has not identified error in the Magistrate Judge's findings or otherwise shown that he is entitled to summary judgment on the counts challenged.

2.  **RICO Claims**

Counts 1 through 3 allege civil RICO violations. (*See* Doc. 59 at 20-24.) With his objections to Magistrate Judge Carlson's recommendation that these counts go forward, Defendant conclusorily states that Plaintiffs' "amended complaint FAILS to contain the allegations required for proving a RICO violation . . . . The amended complaint must contain allegations sufficient to prove a RICO claim and it does not do so." (Doc. 330 at 4.) As to

7

Counts 1 and 2, Defendant stresses, again in a conclusory manner, that there are no predicate acts alleged in the Amended Complaints and at least two predicate acts that occurred within ten years of each other must be identified. (*See, e.g.*, Doc. 330 ¶¶10,17, 18, 24, 26.) Although this case has moved far past the pleading stage and Defendant does not acknowledge the abundance of evidence that has been amassed through discovery—evidence which Magistrate Judge Carlson concluded supports the existence of numerous material factual disputes—Defendant's allegation is just wrong. Plaintiffs' Amended Complaint identifies predicate acts and that two or more of them occurred from at least early 2013 through April 2014. (Doc. 59 ¶¶ 98-99.) Further, the RICO claims contained in the Amended Complaint (Doc. 59 ¶¶ 92-117) are the same as those contained in the original Complaint (Doc. 1 ¶¶ 87-112), and the Court ruled that the RICO claims were not subject to dismissal for failure to state a claim. (Doc. 48 at 16-20; Doc. 50.) In so doing, the Court noted that the Complaint contained "very thorough allegations" regarding the RICO claims.[2] (*Id.*) Similarly, in the context of default judgment, the Court determined that the defaulting defendants were liable for the RICO violations, specifically finding that the facts in the Complaint regarding these claims were clearly and plainly alleged and established the culpability and liability of the defaulting defendants. (Doc. 71 at 12; Doc. 78 at 17; Docs.

---

[2] Defendant was named in the Complaint and the Court specifically noted when Plaintiffs sought to amend the Complaint to add Gregory S. Hecht, Inc., as a defendant that "the well-pleaded facts set forth in the complaint appear to state a plausible claim against both Hecht and his wholly-owned corporation, which is all that a pleading need do at this stage of the proceedings." (Doc. 51 at 8.)

8

138, 139.) On this record, the Court concludes that Defendant's objections regarding his RICO claims lack merit and are overruled in that he has not come close to satisfying his burden of showing he is entitled to summary judgment on these claims.

3.  **State Law Claims of Unjust Enrichment, Conversion/Theft/Embezzlement, Fraud, Intentional Misrepresentation, and Civil Conspiracy**

In opposing Magistrate Judge Carlson's recommendation that Plaintiffs' claims of Unjust Enrichment, Conversion/Theft/Embezzlement, Fraud, Intentional Misrepresentation, and Civil Conspiracy (Counts 6-10) go forward, Defendant again makes general pronouncements about the sufficiency of Plaintiffs' pleading and adds that evidence adduced during discovery is not sufficient to sustain the claims. (Doc. 330 at 9-17.) Such broad averments without citation to the record are woefully inadequate but indicative of Defendant's approach to presenting his claimed entitlement to summary judgment on these counts. His assertions in his supporting brief that he is entitled to summary judgment on these claims is largely conclusory and devoid of meaningful citation to the record.[3] (See Doc. 198 at 14-19.) In their brief opposing Defendant's motion, Plaintiffs asserted specific reasons why these claims should go forward (Doc. 298 at 16-17), yet Defendant did not refute the arguments in his reply brief with anything more than conclusory assertions (see Doc. 306 at 13-17). As it is Defendant's burden to show that there is no genuine dispute as

---

[3] In his argument regarding Count 10 for Civil Conspiracy, Defendant cites "Statement" paragraphs 89, 90, 112, and 113. (Doc. 198 at 18.) However, he does not identify the document which contains the statements and the statement of undisputed material facts filed with his summary judgment motion contains only fifty-one paragraphs. (See Doc. 192.)

9

to any material fact and he is entitled to judgment as a matter of law, he has provided the Court with no basis to conclude summary judgment on Counts 6 through 10 is warranted and his objections related to these counts are overruled. With this determination, the Court does not find that broad assertions presented in Defendant's filing are *totally* devoid of legal or factual validity, rather the Court concludes only that Defendant has not satisfied his burden of making the requisite showing that he is entitled to judgment as a matter of law.[4]

### 4. Intentional Infliction of Emotional Distress

Defendant objects to the conclusion that Plaintiffs' claim for Intentional Infliction of Emotional Distress, Count 11, goes forward generally stating that the elements of the cause of action under Pennsylvania law cannot be met. (Doc. 330 at 17-21.) Defendant specifically focuses on the need for a plaintiff to prove physical harm to succeed on the claim and asserts that Plaintiffs have not done so. (Doc. 330 at 18-21.) This is a correct statement of Pennsylvania law. *Hallman v. Dep't of Human Services*, 630 F. App'x 123, 127

---

[4] By way of example, in paragraphs 47 and 48, Defendant states that Plaintiffs should not be allowed to "maintain" a claim for unjust enrichment because they also assert a breach of contract claim. (Doc. 330 ¶¶ 47, 48.) This statement is only partially correct: under Pennsylvania law "[a] plaintiff cannot recover for unjust enrichment when an express contract governs the relationship between the parties. An express contract is one where the parties specifically express the terms of the agreement, either orally or in writing." *Lomma v. Ohio Nat'l Life Assurance Corp.*, 283 F. Supp. 3d 240, 264 (M.D. Pa. 2017) (internal citations and quotations omitted). Although Defendant correctly cites *Lomma* regarding the elements of an unjust enrichment claim (Doc. 330 at 10), his statement that Plaintiffs cannot "maintain" the claim here is without citation and fails to distinguish between the ability to proceed on an alternative theory of recovery, as Plaintiffs state they have done here (*see* Doc. 298 at 16) and the ability to "recover" if an express contract governs the relationship. Here Defendant's liability under the alter ego breach of contract theory has not been decided. Although the Court should not, and will not, fill in the many blanks presented with Defendant's style of argument, this example shows that, were the Court to do so, Defendant would not prevail.

(3d Cir. 2015) (citing *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998); *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004)). However, as noted above and in the margin, the validity of a broad legal principle and generalizations about evidence does not establish entitlement to summary judgment. Here Defendant states that Plaintiffs have not produced or alleged any physical symptoms as a result of the alleged emotional distress (Doc. 330 at 19), yet he has never addressed Plaintiffs' citations to the record regarding evidence of physical symptoms resulting from emotional distress (Doc. 298 at 17 (citing "CF ¶¶ 23-25, & Ex. 11 thereto (reports of Vidya Ponnathpur, M.D.); CF Ex. 3, and ¶ 19 (Trickel Declaration)")).[5] Therefore, Defendant has not shown that there is no genuine issue of material fact related to this claim, and his objection to the R&R is overruled.

### 5. Unfair Trade Practices and Consumer Protection Law

Regarding Plaintiffs' claim brought pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Count 12, Magistrate Judge Carlson specifically stated that he construed the Amended Complaint to bring "a claim under the catch-all provision of the UTPCPL, 73 Pa. C.S. § 201-1 which prohibits '[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.'" (Doc. 324 at 19.) He then discussed relevant law and concluded

---

[5] Having alleged that Plaintiffs failed to present competent medical evidence to substantiate their emotional distress claim in the brief in support of his motion (Doc. 198 at 21), Plaintiffs pointed to the evidence cited in the text in their responsive brief (Doc. 298 at 17). In the section of his reply brief addressing this claim, Defendant did not refute this evidence or reiterate his assertion that Plaintiffs had not produced competent medical evidence beyond the statement that they inaccurately state medical proof has been provided. (*See* Doc. 306 at 18-19.)

11

Plaintiffs sufficiently alleged such a claim. (*Id.* at 19-21.) Defendant again attacks the conclusion that the claim should go forward with general averments but does not acknowledge or attempt to directly refute Magistrate Judge Carlson's specific findings and/or analysis. (*See* Doc. 330 at 21-22.) In addition to his broad statement that the UTPCPL claim should be dismissed because the Amended Complaint contains insufficient allegations, he also contends the claim should be dismissed as duplicative of his fraud and misrepresentation claims. (*Id.* at 22.) In that he presents no authority for this proposition, the Court concludes Defendant has presented no basis to find that he is entitled to summary judgment on Plaintiffs' UTPCPL claim. Therefore, his objection is overruled.

### 6. Counts 13 through 18

With his recommendation that Counts 13 through 18 go forward, Magistrate Judge Carlson explained that, although Defendant seeks dismissal of these claims, "he devotes only cursory attention" to them and Plaintiffs have defended these claims (which Judge Carlson found "largely redundant and repetitive of their primary legal claims") in "a passing manner." (Doc. 324 at 21-22.) On this record, Magistrate Judge Carlson's determination was based on the assignment of the summary judgment burden to Defendant and the conclusion that he had not carried his burden on the remaining claims. (*Id.* at 22.)

As with the claims discussed above where the Court concluded that Defendant did not show he was entitled to summary judgment, his broad assertions as to the remaining claims also fail to show error or entitlement to judgment as a matter of law. (*See* Doc. 330

at 23-30.) While agreeing with Magistrate Judge Carlson that the remaining claims have been pled, challenged, and defended in a passing manner, the Court will briefly address each.

### a. Statutory Claim for Fraudulent Conveyance

In Count XIII of the Amended Complaint, Plaintiffs bring a claim under the "Pennsylvania Uniform Fraudulent Transfer Act, 12 P.S. § 5101 et seq." (Doc. 59 ¶ 183.) Plaintiffs' alleged violation of this Act, which is now known as the "Pennsylvania Uniform Voidable Transactions Act," 12 Pa. C.S.A. § 5101(a), is supported by two substantive paragraphs wherein Plaintiffs state that "upon information and belief Defendants developed and implemented a scheme to transfer assets to each other and others to place them outside the reach of their creditors, including the Trickels," in violation of the identified statutory provision, and these "transfers were made with actual intent to hinder, delay or defraud the Trickels and without receiving a reasonable equivalent value in exchange for the transfer or obligation." (Doc. 59 ¶¶ 183, 184.) With no citation to legal authority or evidence of record, Defendant moved for summary judgment of this claim stating the Act is not relevant and he did not make or receive any transfer. (Doc. 198 at 23.) His broad assertions then and his equally broad assertions now do not satisfy his burden at this stage of the proceedings. Therefore, this claim goes forward, and Defendant's objection is overruled.

### b. Rescission Under California Civil Code § 1689 and Pennsylvania Common Law

In Count 14 for Rescission Under California Civil Code § 1689 and Pennsylvania Common Law, Plaintiffs allege that they will suffer substantial harm and injury under their contract with DGB if the contract is not rescinded and demand that Defendants restore to them the consideration furnished by them, $213,758.80 ($226,258.80 paid less the $12,500.00 value of the partial delivery of silver coins received). (Doc. 59 ¶¶ 186, 187.) Defendant avers that this shows Plaintiffs are not seeking rescission of a contract with him since they never had a contract with him. (Doc. 330 at 24.) While there is some logic on the face of the argument, the Court's determination that Plaintiff's breach of contract claim goes forward based on an alter ego theory of liability shows that the Court, at this stage of the proceedings, cannot conclude that Defendant is devoid of liability related to Plaintiffs' contract with DGB. Because Defendant did not argue or establish as a matter of law that he could not be liable for a breach of the contract based on the alter ego theory, he does not establish that he cannot be liable on Count 14. Therefore, his objection is overruled.

### c. Money Had and Received Under California Law

In Count 15 for Money Had and Received Under California Law, Plaintiffs aver that the amount due and owing, $213,758.80, plus interest and other damages, is owed them by Defendants. (Doc. 59 ¶¶ 190-93.) Defendant refutes the validity of this claim with the assertion that Plaintiffs never paid him any monies. (Doc. 198 at 24; Doc. 330 at 26.) In his

reply brief, he adds that the Amended Complaint does not allege that Defendant received money to which he had no right. (Doc. 306 at 22.) This is clearly not an accurate reading of the Amended Complaint which is replete with allegations that Defendants received money to which they had no right because they took money from Plaintiffs for coins which were never delivered and did not return the money. (*See, e.g.*, Doc. 59 ¶¶ 39-75.) On this record, the Court finds no error in the Magistrate Judge's conclusion that Count 15 should go forward. Therefore, Defendant's objection is overruled.

### d. Violation of California Consumer Remedies Act

In Count 16 for Violation of California Consumer Remedies Act, Plaintiffs maintain that Defendants' conduct violated this Act, including California Civil Code §§ 1770(a)(9)-(10), (14), (16) and (19) ("CLRA"). (Doc. 59 ¶ 195.) Defendant again argues he was not a party to a contract with Plaintiffs, adding that he never advertised goods or services, inserted an unconscionable provision in the contract, or made representations to them about their order. As cited in the previous sections of this Memorandum, Defendant's contractual liability under an alter ego theory has not been ruled out and the facts alleged in the Amended Complaint include matters related to advertising and misrepresentation. Therefore, Defendant's conclusory assertions that necessary allegations are lacking do not show he is entitled to summary judgment on this claim. His current assertions that undisputed facts show otherwise (Doc. 330 at 26-27) are without merit, and his objection to the R&R on this basis is overruled.

### e. Accounting

In Count 17 for Accounting, Plaintiffs assert that Defendants must account for all transactions in regard to their fraudulent scheme and ask that they be required to produce a full and fair accounting. (Doc. 59 ¶¶ 205, 206.) Defendant again relies on the assertion that he cannot be liable because he was not a party to any contract with Plaintiffs. (See Doc. 306 at 24; Doc. 330 at 27-28.) For the reasons discussed above, lack of contractual liability has not been determined. Therefore, Defendant does present a basis for summary judgment on this claim, and his objection is overruled.

### f. Injunctive Relief

In Count 18 for Injunctive Relief, Plaintiffs state that "[u]nless Defendants are temporarily, preliminarily and permanently enjoined from improperly and unlawfully depriving the Trickels of their rights under the above-referenced contract, the Trickels will immediately and irreparably be harmed by present and/or future economic loss, which is presently incalculable." (Doc. 59 ¶ 208.) Plaintiffs add that they have no adequate remedy at law, they will suffer great injury if an injunction is not granted, the public interest will be served by an injunction, and they have demonstrated the likelihood of success on the merits. (*Id.* ¶¶ 209-212.) Defendant challenges the sufficiency of the pleading and says that the equitable remedy of injunction cannot be available to Plaintiffs "where their damages are based on the monies they paid to DGB for the purchase of the precious

16

metals and where there is no possible 'real or immediate threat that the Plaintiff[s] will be wronged again.'" (Doc. 198 at 28; Doc. 330 at 29.) In response to this argument made originally in Defendant's brief in support of his summary judgment motion (Doc. 198 at 28), Plaintiffs responded that this relief had been granted to Defendant Hecht, Inc., and should apply to Defendant as its alter ego. (Doc. 298 at 20.) In his reply brief, Defendant reiterated that he and Plaintiffs had no contract, but he does not address alter ego liability. (Doc. 306 at 25.) On this record, the Court cannot find that Defendant has satisfied his burden of showing there is no issue of material fact related to this claim. Therefore, his objection is overruled.

7.   **Further Briefing**

With the recommendation that the motion for summary judgment be denied as to Counts 13 through 18, Magistrate Judge Carlson also recommends that the Court deny the motion "without prejudice to the parties promptly litigating any dispositive motion as to these final remaining and collateral claims in a more focused fashion." (Doc. 324.) While accepting the recommendation to deny Defendant's motion on these claims, the Court rejects the suggestion regarding further briefing of the claims. As the docket shows, significant time and resources have been spent in the course of this litigation and, if Defendant has not satisfied his burden of showing he is entitled to judgment as a matter of law on the claims which go forward with the disposition of his summary judgment motion, it is time for a jury to determine the validity of the claims at trial.

## IV. CONCLUSION

For the reasons discussed above the R&R will be adopted in part, modified in part, and rejected in part. The objection raised in "Plaintiffs' Objection to Report and Recommendation Filed June 12, 2018 (Doc. 324) in Regard to Count IV of Plaintiffs' Amended Complaint Against Gregory Scott Hecht" (Doc. 328) will be SUSTAINED. The objections raised in "Defendant Gregory Scott Hecht's Objection to Report and Recommendation Filed June 12, 2018 (Doc.324)" (Doc. 330) will be OVERRULED. Defendant Gregory Hecht's Motion for Summary Judgment (Doc. 191) will be GRANTED IN PART and DENIED IN PART. It will be GRANTED in that Count 5 of the AMENDED COMPLAINT for Breach of Implied Covenant of Good Faith and Fair Dealing (Doc. 59 at 25) will be DISMISSED. The Motion will be DENIED in all other respects. As a result of these determinations, the Amended Complaint (Doc. 59) goes forward as to Counts 1-4 and 6-18. An appropriate Order will be filed simultaneously with this Memorandum.

／s／ _____
Robert D. Mariani
United States District Judge